# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| JOSEPH THOMAS RANDOLPH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KEVIN LAWRENCE, AND LEON LOTT, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Civil Action No.: 3:16-cv-03011-MBS <br><br> **ORDER** |

Plaintiff Joseph Randolph ("Plaintiff"), proceeding *pro se*, filed this complaint on September 1, 2016, alleging a cause of action under 42 U.S.C. § 1983 against Defendants Kevin Lawrence, a Richland County Sheriff's Deputy, and Leon Lott, Richland County Sheriff ("Defendants"). ECF No. 1 at 5.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges false arrest and malicious prosecution arising from an arrest that occurred during a traffic stop effectuated on or about May/June of 2013. ECF No. 1 at 5-6. Plaintiff alleges that his constitutional rights were violated when: (1) drugs were allegedly planted on him; (2) he was falsely charged with possession with intent to distribute crack cocaine, driving under suspension, and possession of a stolen vehicle; and (3) he was subsequently incarcerated for ninety days before the charges were dropped. *Id*. Plaintiff is seeking monetary damages for pain and suffering, mental anguish, and emotional distress. *Id.* at 7. Plaintiff indicates that he is suing Defendants in their official capacities only. ECF No. 1 at 3.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(b)(2)(e), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. On November 18, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff's complaint be summarily dismissed without prejudice. *See* ECF No. 17; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993). The Magistrate Judge found that Plaintiff's claims for damages against Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution. ECF No. 53 at 2. Further, the Magistrate Judge posits, Plaintiff fails to state a plausible claim against Defendants even if Plaintiff had sued Defendants in their individual capacities. ECF No. 17 at 4.

On December 1, 2016, Plaintiff filed objections to the Report. Plaintiff asserts that he was unaware of the proper procedures required when filing suit. ECF No. 19 at 1. Specifically, Plaintiff objects "to not having knowledge of the steps needed to be taken toward filing pro se for litigation cases." *Id*. Plaintiff continues, "I was told that by adding the 'capacity' and adding their employment as Richland County that it would place (Richland County) as the Defendant as well . . . " *Id*. Plaintiff continues alleging that money was taken from him after he was charged with PWID crack cocaine. *Id*. He says the money was later mailed back to him, but that the Sheriff's Department had complete knowledge that his money was seized. *Id*. at 2. Plaintiff then continues making many of the arguments raised in his complaint, maintaining that he was falsely imprisoned and that his constitutional rights were deprived by Defendants. *Id*. On December 8, 2016, Plaintiff filed a motion to amend or correct the complaint, requesting that Defendant Lott be dismissed and that Richland County, South Carolina, be added as Defendant. ECF No. 21 at 1.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). This court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Section 1983 allows plaintiffs to seek monetary damages from governmental officials who have violated their constitutional rights. 42 U.S.C. § 1983. Specifically, Section 1983 establishes liability against:

> Every person who, under statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or another person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

*Id*.

A state cannot, without its consent, be sued by one of its own citizens in federal court. *See Edleman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends not only to the states, but also "protects state agents and state instrumentalities" also known as "the arms of the State." *Bland v. Roberts*, 730 F.3d 368, 389-90 (4th Cir. 2013)(internal citation omitted). In South Carolina, a county is considered an arm of the state, and is therefore barred from suit in federal court. *See* S.C. Code Ann. § 4-1-10 (stating that counties are a "body politic and

corporate" to sue and be sued); *Pennington v. Kershaw County*, CA No. 3:12-1509-JFA-SVH, 2013 WL 2423120 at *4 (D.S.C. June 4, 2013) (applying S.C. Code Ann. §4-1-10 to the Eleventh Amendment to determine a county cannot be sued).

The State of South Carolina has not consented to be sued in this case. S.C. Code Ann. §15-78-20(e). Therefore, Plaintiff is barred from suing Defendants under the Eleventh Amendment because he sought suit against Defendants in their official capacities. As the Magistrate Judge notes, "because a county employee in his or her official capacity is deemed to be the county itself, and therefore the state itself, this federal court is precluded from considering an official capacity claim against such an employee." ECF No. at 3. [1]

As a secondary matter, Plaintiff's motion to amend complaint is futile. In his motion, Plaintiff seeks to dismiss Sheriff Leon Lott as a Defendant and to add Richland County, South Carolina as "head defendant." *Id.* However, Plaintiff's amendment is futile because Richland County, like the current Defendants in their official capacities, is an arm of the state and cannot be sued. *See* S.C. Code Ann. § 4-1-10.

### III. CONCLUSION

After reviewing the entire record, the applicable law, the findings of the Magistrate Judge, Plaintiff's objections, and Plaintiff's motion to amend, this court adopts the Magistrate Judge's Report and Recommendation. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Additionally, Plaintiff's motion to amend complaint is **DENIED AS FUTILE.**

---

[1] The Court declines to determine the viability of a suit against Defendant Lott individually as Plaintiff only sued Defendants in their official capacity and Plaintiff's Motion to Amend seeks to remove Defendant Lott from the case.

4

**IT IS SO ORDERED.**

                                            /s/ Margaret B. Seymour
                                            Margaret B. Seymour
                                            Senior United States District Judge

Columbia, South Carolina

April 27, 2017